**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MILDRED F. JONES, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.  5:06-cv-00345

SEARS ROEBUCK & CO., et al.,

                Defendants.

**MEMORANDUM OPINION**

Before the Court is Defendants' Motion to Dismiss [Docket 3]. For the reasons stated herein, Defendants' motion is **GRANTED**.

*I.  BACKGROUND*

The procedural background of this case was set forth in the Court's Memorandum Opinion and Order entered March 8, 2007, in which the Court denied Plaintiffs' motion to remand this case to the Circuit Court of Raleigh County, West Virginia.  Defendants now move to dismiss Plaintiffs' Amended Complaint.  Defendants argue that: (1) Counts One and Two should be dismissed because there is no case or controversy; (2) Count Three should be dismissed because that claim was dismissed by the Circuit Court; and (3) Counts Four and Five should be dismissed because they are time-barred and fail to state a claim.

*II.  RULE 81(c)*

Plaintiffs first argue that Defendants' Motion to Dismiss should be denied for failure to comply with FED. R. CIV. P. 81(c), which requires that defendants file a responsive pleading with 20

days of receiving a complaint or 5 days after removal, whichever is longer.  Here, Defendants were served with the Amended Complaint on April 11, 2006, filed their Notice of Removal on May 10, 2006, and filed their Motion to Dismiss on May 17, 2006.  Thus, Defendants were required to file a responsive pleading within 5 days of filing their Notice of Removal.  However, under FED. R. CIV. P. 6(a), because this time period is less than 11 days, the weekend of May 13 and 14, 2006, is excluded from the calculation.  Therefore, Defendants' Motion to Dismiss, which was filed within 5 business days of the Notice of Removal, was timely.

### III.  STANDARD FOR RULE 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for failure to state a claim upon which relief can be granted.  When reviewing such a motion to dismiss, the Court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff, and recognizes that dismissal is inappropriate unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts that could be proved in support of his claim.  *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).  A plaintiff must allege facts in the complaint sufficient to support the claimed legal conclusion.  *See Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001).  Although pleading requirements are liberal, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Id.*

### IV.  ARBITRATION CLAUSE CLAIM (COUNTS ONE AND TWO)

Counts One and Two of Plaintiffs' Amended Complaint allege that Defendants illegally issued credit card agreements which contained arbitration clauses barring them from participating

in class actions, barred their access to West Virginia courts, and eliminated their right to a jury trial in any dispute arising from the agreement. Plaintiffs maintain that "The likelihood that defendants will endeavor to enforce the said arbitration clauses is high considering the prior case history of said Sears defendants[.]" (Am. Compl. ¶ 1(A).) As relief, Plaintiffs ask this Court to issue a declaratory judgment prohibiting Defendants' exercise of the arbitration provision and for statutory damages.[1]

Applying West Virginia Constitutional law, the Circuit Court dismissed Plaintiffs' arbitration clause claim because:

> There is no factual basis specific to the parties, nor is there a dispute about the application of the law to the facts. The dispute is over a general principle of law. In the absence of a factual basis specific to the parties, which is not general to the world at large, there exists no case or controversy within the constitutional jurisdiction of this court.

In their Motion to Dismiss, Defendants argue that, on the face of the Amended Complaint, Plaintiffs' claim against Sears based on the credit card agreement's arbitration clause remains deficient of any specific factual dispute and should be dismissed.

The Court first notes that Plaintiffs' declaratory judgment claim was filed pursuant to the West Virginia Declaratory Judgment Act, W. VA. CODE § 55-13-1, *et seq.* However, "Federal courts sitting in diversity apply state substantive law and federal procedural law." *First Nationwide Mortgage Corp. v. FISI Madison, Inc.,* 219 F. Supp. 2d 669, 672 (D. Md. 2002). The federal Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts the discretionary power to entertain declaratory judgment actions. *Id.* "The Declaratory Judgment Act is a procedural statute and creates no substantive rights." *Bourazak v. North River Ins. Co.*, 379 F.2d 530, 533 (7th Cir.

---

[1] The Court notes that Plaintiffs' Amended Complaint requires significant interpretation due to its manner of drafting.

1967) ("The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights."). Therefore, the federal Declaratory Judgment Act applies to this civil action. *Herbalife Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 2006 U.S. Dist. LEXIS 19180, at *9-10 (N.D. W. Va. March 30, 2006) (Stamp, J.).

This Court may Constitutionally exercise jurisdiction in a declaratory judgment proceeding only when "the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment[.]" *Volvo Constr. Equip. N. Am. v. CLM Equip. Co. Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (internal quotations omitted).[2] The Declaratory Judgment Act provides that "in a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). "A case meets the actual controversy requirement only if it presents a controversy that qualifies as an actual controversy under Article III of the Constitution." *Volvo*, 386 F.3d at 592.[3] This requirement is also known as the doctrine of standing. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). At the motion to dismiss stage, standing is evaluated based on the facts alleged in the complaint, and the Court may not "speculate concerning the existence of standing or piece together support for the plaintiff." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). "The fact that this

---

[2]  The United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. U.S. CONST., art. III, § 2.

[3]  "Determining that a matter before the federal courts is a proper case or controversy under Article III . . . assumes particular importance in ensuring that the Federal Judiciary respects the proper -- and properly limited -- role of the courts in a democratic society. . . . If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1860-61 (2006).

suit was brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing." *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 n.6 (11th Cir. 2000).

Plaintiffs claim that the arbitration clause contained in their credit card agreements with Defendants should be declared illegal because it violates West Virginia law. Plaintiffs do not allege, however, they "have any current dispute with defendants regarding the administration of their credit card accounts." (Motion to Dismiss at 7.) Under the Declaratory Judgment Act, a controversy is not present when "the defendant ha[s] not taken any action, even of a preliminary nature, against the plaintiff, and the defendant ha[s] not indicated that it intend[s] to take any future legal action against the plaintiff." *Volvo*, 386 F.3d at 592 n.12 (citing *N. Jefferson Square Assocs. v. Virginia Hous. Dev. Auth.,* 94 F. Supp. 2d 709, 718 (E.D. Va. 2000)).

In *Bowen*, the Eleventh Circuit decided that the plaintiffs' suit based on an arbitration clause contained in a credit agreement lacked standing because the creditor had not attempted to enforce the arbitration clause.[4] The *Bowen* court found that it:

> . . . [could not] say that enforcement of the arbitration agreement against these plaintiffs is "certainly impending," as required by [*Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990)]. There is at most a "perhaps" or "maybe" chance that the arbitration agreement will be enforced against these plaintiffs in the future, and that is not enough to give them standing to challenge its enforceability.

---

[4] In *Bowen*, the court noted that, in order to meet the standing requirement, the plaintiff is required to "show, among other things, that he has suffered an injury in fact -- some harm to a legal interest that is *actual or imminent*, not conjectural or hypothetical[.]" *Bowen*, 233 F.3d at 1339. While this standard is similar to the *Volvo* standard, this Court relies only on the *Volvo* standard for standing.

*Id. at* 1340.  That court further found that "In the absence of a substantial likelihood that the arbitration agreement will be enforced against the plaintiffs, they lack standing to challenge its enforceability."  *Id.* at 1341.

As in *Bowen*, Plaintiffs cannot maintain an action based on the arbitration clause at issue because there is no allegation that Defendants have taken any action to enforce, or stated any intention to enforce, the arbitration clause.  Therefore, Counts One and Two of the Amended Complaint must be **DISMISSED**.

### V.  UNFAIR AND DECEPTIVE TRADE PRACTICES CLAIM (COUNT THREE)

Count Three of Plaintiffs' Amended Complaint alleges that Defendants engaged in unfair and deceptive trade practices in violation of West Virginia law by failing to disclose their trademark licensing relationships and failing to place their physical addresses on their credit cards.  Plaintiffs do not dispute that this claim is a repetition of Count Three of the original Complaint, which was dismissed by the Circuit Court on December 15, 2005.[5]  As Count Three of the Amended Complaint was previously dismissed by the Circuit Court, Defendants argue that decision is the law of the case.

The doctrine of law of the case limits relitigation of an issue at a subsequent stage of the same suit.  *Payne v. Churchich*, 161 F.3d 1030, 1037 (7th Cir. 1998).  In the context of removal, once the case is in federal court, the state court orders issued prior to removal are not conclusive but remain binding until they are set aside.  *See* 28 U.S.C. § 1450 (providing that all "orders and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"); *Granny Goose Foods, Inc. v. Brotherhood of*

---

[5]  In fact, Plaintiffs' Response to Defendants' Motion to Dismiss fails to address the motion to dismiss Count Three of the Amended Complaint, other than by incorporating by reference the same arguments made to the Circuit Court.

*Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 436 (1974) ("The 'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court.").  As the Supreme Court explained in *Granny Goose Foods*, by providing that the state court proceedings are effective in federal court, judicial economy is promoted, and the parties' rights are protected.  *See* 415 U.S. at 435-36.  Federal courts, however, have "the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).

Because Plaintiffs have offered no reason to revisit the Circuit Court's previous decision to dismiss Count Three, this Court **DISMISSES** Count Three pursuant to the doctrine of the law of the case.

## VI.  DEBT COLLECTION CLAIM (COUNTS FOUR)

Count Four[6] of the Amended Complaint states a claim based on a lawsuit filed by Sears against Plaintiff Nellie Moses to "enforce a security interest against her even though she already had been discharged from personal bankruptcy[.]"  (Am. Compl. ¶ 40.) (the "Collection Suit").[7] Plaintiffs claim that the Collection Suit violated a Federal Trade Commission Consent Decree and, concomitantly, the West Virginia Consumer Credit and Protection Act, W. VA. CODE § 46A-6-104

---

[6]  Count Five restates all of the counts on behalf of a limited subclass of Plaintiffs.

[7]  The relevant pleadings from the Collection Suit are attached as Exhibit I to Plaintiffs' Amended Complaint.

("WVCCPA").[8]  As a result of these alleged violations, Plaintiffs claim that Ms. Moses, and others similarly situated, are entitled to statutory damages under W. VA. CODE §§ 46A-5-101 & 46A-6-106.

In their Motion to Dismiss, Defendants argue that Ms. Moses' claim is both meritless and untimely.  With regard to timeliness, the WVCCPA provides that claims involving a creditor's "illegal, fraudulent or unconscionable conduct, [or] any prohibited debt collection practice" on a "revolving charge account[]" must be brought within four years.  W. VA. CODE § 46A-5-101(1).[9] Defendants argue that Ms. Moses' claim is untimely because it was brought more than four years after the institution of the Collection Suit on January 11, 2001.[10]  Plaintiffs argue that Ms. Moses' claim was timely because the Collection Suit did not conclude until March 23, 2002, *i.e.*, within four years of the filing of the Amended Complaint on March 9, 2006.  At the motion to dismiss stage, because the Amended Complaint alleges that Sears maintained the Collection Suit within four years of the filing of the Amended Complaint, the Court declines to dismiss Count Four based on the limitation period of § 46A-5-101(1).

Alternatively, Defendants argue that Ms. Moses fails to state a claim because Sears did not act improperly in bringing the Collection Suit.  In the Collection Suit, Sears sought to repossess a pressure washer, electric dryer, washer, and freezer ("the Appliances") from Ms. Moses.  The

---

[8]   The FTC Consent Decree states that Sears shall not make misrepresentations with regard to reaffirmation agreements or collect any debt that has been discharged in bankruptcy.  W. VA. CODE § 46A-6-104 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

[9]   A credit card is a type of revolving charge account.  W. VA. CODE § 46A-1-102(39).

[10]   As noted in the March 8, 2007 Memorandum Opinion, Ms. Moses' claim was first stated in Plaintiffs' Amended Complaint filed on March 9, 2006.  The Court also found that Ms. Moses' claim did not relate back to the original Complaint.

8

Collection Suit Complaint alleged that Ms. Moses purchased the Appliances from Sears with her Sears credit card and failed to make the required payments according to the terms of the credit card agreement. Based on this default, Sears sought to repossess the Appliances pursuant to its security interest in the Appliances.

According to the Amended Complaint, Ms. Moses' debt for the Appliances was discharged on March 22, 2000. Ms. Moses claims that because her debt for the Appliances was discharged, the Collection Suit was prohibited by the FTC Consent Decree and the WVCCPA. Defendants argue, however, that the Collection Suit was not improper because such suits are authorized by the Bankruptcy Code and not prohibited by the FTC Consent Decree or the WVCCPA. Plaintiffs did not respond to this argument in their Response.

Under 11 U.S.C. § 524(a)(2), the discharge of a debt "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]" In this case, however, a plain reading of the Collection Suit's Complaint demonstrates that Defendants did not seek to collect any debt from Ms. Moses. Rather, the Collection Suit only sought the enforcement of Sears' security interest in the Appliances by repossession. It is elementary that "[a] discharge in bankruptcy . . . ordinarily does not wipe out previously perfected security interests in tangible personal property. The lienholder retains a right of repossession, subject, however, to the bankrupt's possible right of redemption." *Arruda v. Sears*, 310 F.3d 13, 16 (1st Cir. 2002). Because Sears' right to repossess the Appliances was not discharged in bankruptcy, the Collection Suit was not improper under the Bankruptcy Code. Further, the Collection Suit was not prohibited by the FTC Consent Decree because, as noted in footnote 8, that decree only prohibited Sears from making misrepresentations

with regard to reaffirmation agreements and collecting discharged debts, neither of which occurred in the Collection Suit.  Finally, because Plaintiffs' WVCCPA claim is based on Sears' alleged violation of the FTC Consent Decree, that claim is likewise unfounded.  Therefore, Counts Four and Five of the Amended Complaint are **DISMISSED**.

*VII.   CONCLUSION*

Based on the above, the Court **GRANTS** Defendants' Motion to Dismiss [Docket 3] and **DISMISSES** this case from the Court's docket.  A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:        March 28, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE